**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY KOBE,

    Petitioner,                               Civil No. 2:08-11098-DT
                                                    HONORABLE PATRICK J. DUGGAN
v.                                           UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND ORAL ARGUMENT**

      Jeffrey Kobe, ("petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b); and being a fourth-felony habitual offender, *Id.* § 769.12. Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent contends that the petition should be dismissed on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a response to the answer. For the reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.** The Court also denies petitioner's pending motions for partial summary judgment and for oral argument.

1

## I. Background

On August 25, 1994, petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. On September 13, 1994, petitioner was sentenced to thirty to sixty years in prison.

Petitioner's direct appeals ended on October 20, 1998, when the Michigan Supreme Court denied petitioner's application for leave to appeal from the affirmance of his conviction by the Michigan Court of Appeals. *People v. Kobe,* 459 Mich. 882, 586 N.W.2d 745 (1998).[1]

On March 5, 1999, petitioner filed a petition for writ of habeas corpus with the federal district court. The petition was dismissed without prejudice on December 30, 1999, so that petitioner could exhaust his state court remedies. *Kobe v. Smith,* U.S.D.C. No. 99-CV-71029-DT (E.D. Mich. December 30, 1999).[2]

---

[1]Petitioner was re-sentenced by the Oakland County Circuit Court, per the Michigan Court of Appeals' March 18, 1997, order to correct petitioner's sentence to run to concurrently with his prior sentences for convictions out of Alabama. Following re-sentencing, petitioner appealed again to the Michigan Court of Appeals, but the appeal was dismissed per stipulation of the parties on March 11, 1999. *People v. Kobe*, No. 216957 (Mich. Ct. App. March 11, 1999). This does not affect the Court's determination that the current petition is untimely. Where the habeas petition challenges only the judgment of conviction and raises no challenge to the re-sentencing judgment, the one year limitations period under § 2244(d)(1)(A) runs from the date of the original conviction and not from the date on which the judgment of re-sentencing on remand became final. *See Bachman v. Bagley,* 487 F.3d 979, 982-84 (6th Cir. 2007). In the present case, petitioner raises no challenges to his re-sentencing. Therefore, all of the claims in his habeas petition, and therefore, the habeas petition itself, are untimely. *Id.* at 984.

[2]Prior to the completion of his direct appeals, petitioner filed a petition for writ of habeas corpus, which was dismissed for being prematurely filed. *Kobe v. Thompson,* U.S.D.C. No. 95-CV-71542-DT (E.D. Mich. March 21, 1996). The filing of that habeas petition does not affect the timeliness of the present application.

On September 4, 2007, Petitioner filed a pro per "motion for vacation of sentence enhancement and for resentencing, or in the alternative; issue an order to correct the record" and a pro per "motion to correct presentence report so [Petitioner] can receive proper evaluation, classification and placement within the department of corrections" in state circuit court.  On October 30, 2007, the state circuit court issued an opinion and order combining petitioner's motions as a post-conviction motion for relief from judgment under Michigan Court Rule 6.508(D) and dismissing the same for failure to establish entitlement to the relief sought.  *People v. Kobe,* No. 93-126119-FC; No. 93-126120-FC; and No. 93-126121-FC (Oakland County Circuit Court October 30, 2007).

Petitioner did not seek leave to appeal the circuit court's decision, but instead filed a pro per complaint for a writ of superintending control with the Michigan Court of Appeals.  The Michigan Court of Appeals rejected Petitioner's complaint "for lack of jurisdiction since an appeal from the October 30, 2007, order is available."  *People v. Kobe*, No. 281629 (Mich. Ct. App. November 30, 2007).  The Michigan Court of Appeals subsequently denied Petitioner's motion for reconsideration on January 10, 2008.  *People v. Kobe*, No. 281629 (Mich. Ct. App. January 10, 2008).  Petitioner never filed an application for leave to appeal with the Michigan Supreme Court.[3]  The instant petition

---

[3]*See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated July 24, 2008 [Dkt. Nos. 7-13].

was signed and dated March 10, 2008.[4]

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996.  The AEDPA governs the filing date for this case because petitioner filed his pleadings after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).  The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on this date. *Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitions are subject to dismissal where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

Petitioner's direct appeals with the Michigan courts were completed on October 20, 1998, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), when the ninety day time period for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final, then, on January 20, 1999, when he failed to file a petition for writ of certiorari with the United States Supreme Court. Accordingly, unless subsection (B), (C), or (D) of § 2244(d)(1) apply, Petitioner was required to file his federal habeas petition on or before January 20, 2000, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner does not base his request for habeas relief on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review. 28 U.S.C. § 2244(d)(1)(C). He also does not claim that State action prevented him from filing a timely application. *Id*. § 2244(d)(1)(B). Finally, none of Petitioner's grounds for relief are predicated on facts discovered since his trial. *Id.* § 2244(d)(1)(D). Thus Petitioner was required to file his federal habeas petition on or before January 20, 2000, unless the statute of limitations was tolled.

As previously noted, Petitioner filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Michigan on March 5, 1999. This petition, however, was dismissed without prejudice on December 30, 1999, based on petitioner's failure to exhaust his state court remedies. This filing did not toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) because a federal habeas petition does not qualify as an "application for State post-conviction or other collateral review." *Duncan v. Walker*, 533 U.S. 167, 180, 121 S.Ct. 2120, 2128 (2001).

Even so, the AEDPA's one-year statute of limitations is not jurisdictional and a petitioner who misses a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). And while petitioner's 1999 habeas petition did not toll the statute of limitations pursuant to 28 U.S.C. §2244(d)(2), the Sixth Circuit has indicated that a habeas petitioner may be entitled to equitable tolling of the limitations period during the time that his habeas petition is pending in federal court. *Griffin v. Rogers,* 308 F.3d 647, 651-53 (6th Cir. 2002). To justify equitable tolling on this basis, a petitioner must demonstrate "diligence in exhausting state remedies and returning to federal court." *Id.* at

6

652. Specifically, a petitioner must file his state post-conviction motion within thirty days of the federal court's dismissal and return to federal court no later than thirty days after the conclusion of state post-conviction review. *Id.*

In this case petitioner failed to diligently exhaust his state remedies and return to this court. After the dismissal of his 1999 habeas petition, petitioner waited until September 4, 2007–more than seven years–to file a post-conviction motion in state court. Because petitioner waited more than thirty days following the dismissal of his habeas petition to return to the state court, petitioner is not entitled to equitable tolling of the limitations period. Moreover, petitioner failed to re-file this habeas petition in federal court within thirty days of the conclusion of the state court post-conviction review. Consequently, petitioner is not entitled to equitable tolling of the limitations period for the time that his 1999 habeas petition was pending in federal court.

Petitioner likewise fails to establish a justification for equitable tolling on other grounds. The Sixth Circuit has noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period. *Id.* at 1010. On page 3 of his Reply to Respondent's Answer, petitioner contends that he is not a lawyer, has no formal legal education or training, and was required to represent himself pro se. While it is unclear whether petitioner raises these arguments to support an argument for equitable tolling, an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a

reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).[5]

Finally, the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the AEDPA's one-year statute of limitations. *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Petitioner does not present new evidence to support his actual innocence claim. He therefore fails to demonstrate that he is entitled to equitable tolling of the AEDPA's one-year statute of limitations period.

Having established that the statute of limitations was not statutorily or equitably tolled in this case, petitioner was required to file his federal habeas petition or an "application for State post-conviction or other collateral review" on or before January 20,

---

[5]Alleged ignorance and a lack of professional legal assistance are also insufficient to justify equitable tolling. *Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003); *Wilson*, 192 F. Supp. 2d at 766.

2000. Therefore, when petitioner filed his post-conviction motion for relief from judgment with the state court on September 4, 2007, the one year limitation period had already expired. The instant petition is therefore untimely.

Nonetheless, petitioner argues that it would be erroneous to dismiss his habeas petition as time-barred without addressing the merits of his underlying claims. A merits decision is unnecessary, however, where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court does not err in declining to address the merits of petitioner's substantive claims. The Court therefore dismisses the petition for writ of habeas corpus. Furthermore, the Court denies petitioner's pending motions for partial summary judgment and for oral argument as moot.

## III. Certificate of Appealability

28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." However, when a petition is denied on procedural grounds, a somewhat different standard applies. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As the Court does not believe that jurists of reason would find

it debatable whether the Court was correct in finding that the instant petition is barred by the statute of limitations, the Court denies any request for a Certificate of Appealability. *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motions for partial summary judgment [Dkt. # 6] and oral argument [Dkt. # 8] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**s/PATRICK J. DUGGAN**
**UNITED STATES DISTRICT COURT**

DATED: February 11, 2009
Copies to:
Jeffrey Kobe, # 154452
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212

Andrew L. Shirvell, Esq.